Thomas Edward SPUEHLER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–423.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1985.

As Corrected Dec. 2, 1985.

Rehearing Denied Dec. 11, 1985.

Mark Barrett, Sp. Counsel, Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Thomas Edward Spuehler was convicted of Murder in the First Degree, in the District Court of Texas County, Case No. CRF–82–185, but pursuant to a change of venue tried in the District Court of Beaver County, Case No. CRF–82–70, pursuant to 21 O.S.1981, § 701.7. A verdict of life imprisonment was returned by the jury, and judgment and sentence was imposed in accordance with the jury's verdict.

On the evening of August 1, 1982, appellant went to pick up his wife Lori Spuehler, the victim, from his brother's house. She had been living with the appellant's brother and his girlfriend since July 1982. Lori had filed divorce papers the previous week but did not want to serve the papers on the appellant until she could visit with him about the divorce personally. Appellant and Lori left the house in his 1954 Chevrolet pickup, and drove around town awhile, supposedly discussing the divorce settlement. Between midnight and one a.m. on August 2, the two stopped at a site off the road near Optima.

Approximately 3:45 a.m., a witness reported an older model white pickup on fire east of Optima. Police were sent to the scene along with a fire truck. After the fire was extinguished, the police officers discovered a body in the truck. Appellant was lying in a nearby ditch where he had been dragged by several truckers who had found him lying in front of the left wheel of the burning truck. The appellant was transported from the scene by ambulance to the Guymon hospital, where aside from allowing x-rays to be taken, he refused medical treatment.

The appellant testified that he and Lori had been walking along the path where they had parked when the two were attacked. He stated that as he turned away from Lori, he heard movement behind him, and then was hit on the left side of his head. He fell to the ground and as he tried to get up, he was kicked in the face.

When the appellant regained consciousness, he saw a body lying a few feet away from him. He carried Lori back to the pickup and placed her in the seat on the passenger side. He got into the pickup and started to back out, but hit something and could not go any further. The jolt caused the body to go into the floor. Appellant smelled gasoline so he got out of the truck and tried to pull Lori out, when the pickup burst into flames.

The appellant's first assignment of error alleges that the evidence is insufficient to sustain the conviction for first degree murder. We believe, however, that this assignment is without merit.

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that due process requires a reviewing court to determine "whether, after reviewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."

■ Our examination of the facts reveals that the victim did not die from the fire, but instead was kicked, hit and stomped to death with a pair of boots. Appellant was wearing a pair of boots at the time, and the only identifiable tracks near the scene were boot tracks and a track of a bare foot. The testimony had indicated that Lori Spuehler was barefoot on that evening. Although Lori Spuehler's body was badly burned, some portion of her clothing still remained on the right upper extremity. Analysis of this clothing revealed the presence of a liquid consistent with gasoline. The State presented sufficient evidence for the jury to convict appellant. *Dunaway v. State*, 561 P.2d 103 (Okl.Cr.1977).

■ Appellant's second and third assignments of error allege that the trial court erred in failing to instruct on the lesser included offenses of heat-of-passion manslaughter and misdemeanor-manslaughter. At trial, the appellant took the stand and testified and admitted that he was present at the scene of the homicide but that he had nothing to do with the killing of Lori Spuehler, but offered as an alibi, that another person committed the murder. As we have repeatedly held: "When a defendant, who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one." *Seegars v. State*, 655 P.2d 563 (Okl.Cr.1983); *Jones v. State*, 555 P.2d 1061 (Okl.Cr.1976). This assignment of error is without merit.

■ Appellant's fourth assignment of error alleged that the jury was subjected to substantial prejudicial and improper influences, including hearsay testimony, nonprobative photographs, and improper prosecutorial comments which deprived the appellant of a fair trial. However, most of these comments were not met with objection from counsel, and are therefore waived. *See Parks v. State*, 651 P.2d 686 (Okl.Cr. 1982). We will consider the only argument which received objection.

■ Appellant complains that testimony from appellant's brother regarding Lori's concern about her well-being and safety was inadmissible as hearsay. Even if such a statement was hearsay, it was admissible under the state of mind exception to the hearsay rule set forth in 12 O.S.1981, § 2803(3).

■ Appellant next claims that he was denied a fair trial because of gruesome photographs admitted at trial. The test for admissibility of an allegedly gruesome photograph is whether its probative value outweighs the prejudice accompanying its admission. *King v. State*, 667 P.2d 474 (Okl. Cr.1983). The color photographs admitted were not, in our opinion, gruesome. Also, the appellant failed to object to the admission of the photos, and therefore failed to properly preserve the question for appeal. *Runnels v. State*, 524 P.2d 29 (Okl.Cr. 1974).

Appellant next alleges that various statements of the prosecutor made during closing argument denied him a fair and impartial trial. However, none of these statements were objected to at trial, and are therefore waived. *Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981); *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

■ In his fifth assignment of error, appellant claims the trial court erred in refusing to order that defense counsel be allowed to examine photographs to determine if they contained exculpatory evidence. The appellant's argument concerning the photographs was heard by the trial court at the hearing on the appellant's motion for new trial. The trial court ruled that these additional photographs were not relevant and refused to grant a new trial because of them. The rule has long been that whether a motion for new trial on the grounds of newly discovered evidence will be granted is within the discretion of the trial judge and the Court of Criminal Ap-

peals will not reverse unless there is an abuse of that discretion. *Garcia v. State,* 545 P.2d 1295 (Okl.Cr.1976). At any rate, evidence which is at best merely cumulative to evidence already presented at trial should not be a basis for granting a new trial. *Stoner v. State,* 568 P.2d 298 (Okl. Cr.1977).

In his final assignment of error, appellant contends that the trial court erred in refusing to order a pre-sentence investigation. While the State concedes that 22 O.S.1981, § 982 does require a presentence investigation since the appellant was not sentenced to death, the appellant was given the minimum sentence for the crime for which he was convicted. Even though a suspended sentence was requested, a pre-sentence investigation report would have had no effect on the trial court's imposition of life imprisonment. Therefore, we find this error did not result in a miscarriage of justice and is not reversible. *See* 20 O.S.1981, § 3001.1.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BUSSEY, J., concurs.