**Willie Decona SMITH, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–84–182.

Court of Criminal Appeals of Oklahoma.

March 4, 1986.

As Corrected March 6, 1986.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Willie Decona Smith, Jr., was convicted of First Degree Burglary, in Tulsa County District Court, Case No. CRF–83–494, was sentenced to seven (7) years' imprisonment, and he now appeals.

On February 9, 1983, Doris Louise Parker, went to bed at approximately 11:00 P.M., after securing the doors to her residence located at 1429 South Quincy in Tulsa, Oklahoma. Ms. Parker testified that at about 3:00 A.M., she was awakened by a noise, and although darkness prevented her from distinguishing facial features, she did see a man over six (6) feet tall in her bedroom who had something on his head which made it look "flat." Ms. Parker screamed and the man ran out of the house. She immediately phoned the police.

Officer David Wheeler, of the Tulsa Police Department, testified that at 3:01 A.M., he proceeded towards Ms. Parker's residence, in response to a burglary in progress call, and saw the appellant exiting an alleyway behind Ms. Parker's home. He asked the appellant why he was in the area at that hour, and the appellant replied that he was on his way to St. John's Hospi-

tal to apply for a job. Officer Wheeler then questioned the appellant about what he was doing at Ms. Parker's house, and Smith responded that he heard a woman scream and therefore he shut the window to her house.

At approximately 3:12 A.M., Canine Officer Phillip Camblin and his dog arrived at Ms. Parker's home. The dog tracked the intruder's scent to the spot where the appellant had been detained by Officer Wheeler. The appellant, wearing a baseball type cap, was subsequently arrested.

Further investigation by the police led to the discovery of two of the appellant's fingerprints on the aluminum framed screen, which was bent and lying on the ground just beneath the window believed to be the point of entry to Ms. Parker's residence. A small crafts box, which had been inside the house earlier that evening, was found on the ground near the screen; and although Ms. Parker originally thought that none of her possessions had been stolen, she realized in April that her jewelry box was missing.

As his sole assignment of error, the appellant argues that the verdict is contrary to law because the circumstantial evidence presented by the State was insufficient to support a conviction.

The proper test for determining whether the evidence is sufficient to support a conviction is whether the evidence, when viewed in the light most favorable to the State, establishes the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985).

We are of the opinion that evidence placing the appellant at the scene contemporaneous with the burglary, and evidence connecting him with the breaking and entering of Ms. Parker's dwelling was sufficient to establish the essential elements of first degree burglary beyond a reasonable doubt. We, therefore, find this assignment of error to be without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.