**Robert R. STOUT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–331.**

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Robert R. Stout, was convicted in the District Court of Greer County, Case No. CRF–83–22, of First Degree Murder, and was sentenced to life imprisonment. He raises two assignments of error.

On the morning of January 30, 1983, Earl P. Westbrook, an inmate at the Oklahoma State Reformatory in Granite, Oklahoma was fatally injured by a stab wound in his chest. A corrections officer met Westbrook coming down the stairs from the third floor, clutching his chest and stating, "Help me. They got me." The officer testified that from his position on the staircase just above the second floor, he could see the appellant and one other inmate. That inmate and another testified that they witnessed the appellant fighting with the victim and the movement of appellant's hand toward the victim's chest. Two other inmates testified that they were talking to the appellant at the time of the stabbing.

■ For his first assignment of error, the appellant alleges the trial court erred in denying his motion to reopen the voir dire of a juror whose father-in-law was selected to serve on the same jury. The record reveals that the father-in-law was the last juror selected, that the court overruled the appellant's challenge for cause, and he had previously exhausted his peremptory challenges. The character and scope of juror examination cannot be prescribed by any definite, unyielding rule, and the point at which the inquiry must cease rests within the trial court's discretion. *Grizzle v. State*, 559 P.2d 474 (Okl.Cr.1977). The juror in question was thoroughly examined (Tr. 128–133), and stated that she could decide the case on the facts and the law presented by the court at trial. Her father-in-law, in response to questions by defense counsel concerning whether each could make an independent decision, and if he believed his daughter-in-law would feel free to voice her opinions, thoughts, and ideas, responded affirmatively. After viewing the demeanor of the respective jurors, and hearing their answers, the trial judge decided that the inquiry made was sufficient. Absent a showing of how the appellant was prejudiced, we cannot hold that the trial court abused its discretion restricting the voir dire examination, and therefore find this assignment of error to be without merit.

As his second assignment of error, the appellant argues that the State failed to present sufficient evidence that he committed the murder. He points to inconsistencies in the testimony of the State's witnesses and evidence presented by the defense which was contradictory to that presented by the State. The rule is well established that the resolution of conflicts and reconciliation of testimony is the province of the jury. *United States v. Parnell*, 581 F.2d 1374 (10th Cir.1978). The proper test of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). As there were two eyewitnesses to the stabbing, and a corrections officer who saw the appellant in the area immediately after the incident, we find that the State proved the essential elements of the crime beyond a reasonable doubt. Therefore, this assignment of error is also without merit.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

I respectfully dissent. This case appears to be governed by our opinion in *Temple v. State*, 15 Okl.Cr. 176, 175 P. 733 (1918), in which this Court reversed a conviction where jurors had served on a jury in a previous criminal charge against the defendant. The court refused to permit liberal voir dire to ascertain whether the jurors should be excused due to their service in the previous case for cause. It is true, as Judge Bussey states, that the character and scope of voir dire rests within the discretion of the trial court. *Supra*, p. 897. However, it seems to me that this discretion is abused when a trial court refuses to permit counsel for the accused to voir dire on a matter which could reveal

actual bias, as occurred in *Temple v. State, supra.* Accordingly, I dissent.