Andy Jerome **GERRARD**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–84–692.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant; Gregory E. Gore, Sp. Counsel, Oklahoma City.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Andy Jerome Gerrard, was convicted of the crime of Driving While Under the Influence of Alcohol, Second Offense, in the District Court of Kay County in Case No. CRF–83–254 and was sentenced to three (3) years imprisonment and fined one thousand dollars ($1,000), and he appeals.

Briefly stated the facts are that on October 28, 1983, as the appellant was driving on Highway 11, an Oklahoma Highway Patrol officer observed the appellant swerving from the left hand side to the right hand side of his lane of traffic and further observed that other traffic would slow when they saw appellant's yellow pickup truck. Based on these observations, the officer intercepted the pickup and pulled the vehicle over. The officer then requested the appellant to exit the vehicle and step to the rear of the vehicle. As the appellant exited the vehicle, he lost his balance momentarily and used the truck for support as he walked back to speak with the officer. The officer observed that the appellant's eyes were bloodshot, that his speech was slurred, and that his breath had a strong odor of alcohol. When the appellant was unable to recite his ABC's, the officer placed him under arrest.

The appellant was transported to the Ponca City Police Department where the officer attempted to administer a breathalyzer test. However, after three unsuccessful attempts due to the appellant's failure to cooperate, the officer terminated the procedure.

Another officer observed the appellant at the police station and he testified that the appellant had slurred speech, was unsteady on his feet, and had a strong odor of alcohol.

The appellant testified on his own behalf at trial and stated that he had consumed three cans of beer earlier in the day, but that he did not feel intoxicated. He further stated that his pickup swerved because one of the front tires was larger than the other and that he appeared unsteady because one of his ankles had been broken before and was weak. The appellant also testified that his speech seemed slurred because he did not have his false teeth in that day, and that he was unable to recite his ABC's because he had only completed the third grade and did not know the alphabet. The appellant further explained that he blew into the breathalyzer and that it

started to light up and then it quit. The appellant admitted that he had two prior convictions for Driving Under the Influence.

The appellant first contends that the State failed to prove that he was driving under the influence and the trial court erred when it failed to direct a verdict. We disagree.

When the sufficiency of evidence presented is challenged on appeal, the test is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). The essential elements required to support a conviction for driving under the influence of alcohol are set forth in 47 O.S.Supp.1983, § 11–902:

A. It is unlawful and punishable as provided in subsection C of this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this title, of ten-hundredths, (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person; or

2. Is under the influence of alcohol; or

...

■ In the instant case, the State presented ample testimony that the appellant was operating a motor vehicle on a highway while he was under the influence of alcohol. We are of the opinion that based upon this evidence a rational fact-finder could have found the essential elements of driving under the influence beyond a reasonable doubt. Accordingly, this assignment of error is without merit.

The appellant next alleges that the evidence was only sufficient to find that he was guilty of driving while impaired and that his conviction must be modified. However, having found that a rational trier of fact could have found the essential elements of the crime of driving under the influence beyond a reasonable doubt, we

will not interfere with the verdict. Therefore, this contention is likewise without merit.

As his third assignment of error, the appellant complains that two comments made by the prosecutor in his closing argument were so inflammatory that he was denied a fair trial. We disagree.

The first comment that appellant claims was inflammatory was the prosecutor's comment on an instruction to the jury:

And it says: 'Impaired Driving'. If you find beyond a reasonable doubt that he was Driving While His Ability was Impaired, then fine him one hundred ($100) dollars to three hundred ($300) dollars and give him the keys to his truck, and he will be on his way. Ladies and Gentlemen, I would ask you to look at that first paragraph. (Tr. 162)

Defense counsel's objection to this comment was overruled by the trial court. However, we are of the opinion that this one comment did not deny the appellant a fair trial, especially in light of the fact that appellant was only sentenced to three (3) years imprisonment and fined one thousand dollars ($1,000) when he could have received a five (5) year sentence and a fine of twenty-five hundred dollars ($2,500).

The second comment that appellant argues was inflammatory was the prosecutor's further remarks during closing argument:

Ladies and Gentlemen, I have over the years in these cases developed what I call an 'acid test' to Driving Under the Influence, to some degree. It is not 'fool proof', but it's a pretty good rule of thumb, and that is when you consider the evidence in this case and consider the testimony of the defendant and testimony of two troopers, and you consider all of the evidence, the acid test is, as to whether he was under the influence is, would you have ridden with him? Ask yourself would I have ridden with him? Would I have felt safe under the conduct that is described by the trooper? I think that's very important. Would you let

your children ride with a driver that was exhibiting that conduct? I think that there can be but one verdict in this case. (Tr. 163).

Defense counsel interposed a timely objection to this remark and the trial court admonished the jury concerning the comment by stating:

Ladies and gentlemen, we are simply evaluating what happened, and if you find that a crime was committed, then you can determine what that crime was and decide what the punishment was—should be. That will be your job. (Tr. 164)

The appellant argues that this admonishment was ineffective, in that, the trial judge failed to specifically instruct the jury to disregard the remark. However, trial counsel failed to request an admonishment and further failed to request the trial court to make the admonition more specific. Moreover, notwithstanding the fact that the admonition could have more specifically instructed the jury to disregard the comment, we are of the opinion that the admonishment given cured the error, if any, that resulted from the comments. This assignment of error is meritless.

■ As his final assignment of error, the appellant contends that he was denied the effective assistance of counsel due to trial counsel's failure to object to testimony concerning the attempt to administer the breathalyzer test, and his failure to question the police officers concerning whether the breathalyzer machine was adequately and properly maintained. We reject this contention.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), the United States Supreme Court held that:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

After a careful review of these factors in light of the circumstances of the instant case, we are of the opinion that counsel's conduct did not so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.* This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.