Xavier BUSH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–558.

Court of Criminal Appeals of Oklahoma.

March 16, 1987.

Brian Husted, Special Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Xavier Bush, was convicted in the District Court of Comanche Coun-

ty, Case No. CRF–83–208, of the crime of Robbery in the First Degree, was sentenced to eight years' imprisonment, and he appeals raising four assignments of error.

Briefly stated, the facts show that early on the morning of March 25, 1983, in Lawton, Oklahoma, William Winkleman, shortly after leaving a bar, was pushed down on the sidewalk by Stephen D. Ross, the appellant's codefendant. The appellant then removed Winkleman's wallet from his hip pocket, and both assailants ran from the scene after being observed by a taxicab driver who turned his headlights on bright to better observe the two men. Within minutes, Ross and the appellant were taken into custody by a police officer who was in the area at the time.

As his first two assignments of error, the appellant alleges that the trial court erred by admitting testimony concerning the identifications made by a witness, and by the victim. The appellant complains that the extrajudicial identifications made by the witness and the victim were unnecessarily suggestive, and that therefore the trial court should have excluded testimony concerning both the extrajudicial identifications, and the identification made in court. The victim, Mr. Winkleman, testified that the next time he saw his assailants after the robbery was about ten minutes later at a police car. He stated that he could only identify the larger suspect, Ross. He made no attempt to identify the appellant in court. The witness to the incident, James Jenkins, testified that he saw the codefendants at the police car with the arresting officer about fifteen minutes after the robbery, and that he identified both of them as the assailants. Furthermore, he identified both of them in court. Both witnesses came to the police car without any assistance from the police officers.

■ The appellant cites *Green v. State,* 594 P.2d 767 (Okl.Cr.1979) which holds that where a pretrial identification procedure is unnecessarily suggestive, due process is denied, thus necessitating suppression of the tainted identification testimony unless under the totality of the circumstances there is no substantial likelihood of irreparable misidentification. But *Green* is a case where a lineup was found to be unnecessarily suggestive. Exclusionary rules are intended to force compliance by the government with constitutional provisions. *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Under the facts in the case at bar, there is no governmental action because the government did not arrange the confrontation. Therefore, he cannot claim that the appellant was denied due process by the extrajudicial identification.

He also claims that the prior identifications created a substantial likelihood of misidentification. Since due process does not demand the exclusion of this evidence, we need only consider whether this testimony was relevant. We find that the evidence is relevant, *see* 12 O.S.1981, § 2401, that its probative value outweighs any danger of unfair prejudice, and that the jury was not in danger of being misled. *See* 12 O.S.1981, § 2403. The facts and circumstances of the identifications were presented to the jury, and cross-examination revealed any inconsistencies. The trial court properly instructed the jury concerning the eyewitness testimony, and we find that such instruction properly preserved the appellant's rights. These two assignments of error are meritless.

■ The appellant next argues that the trial court committed reversible error by admitting into evidence fruits of an illegal arrest, because the State failed to prove sufficient probable cause to make a warrantless arrest. Although there is a divergence in testimony, Officer Tobin stopped the appellant and his codefendant after he observed them "sprinting" away from a crowd which appeared agitated and were pointing in the suspects' direction. After initially questioning and releasing the two, Tobin later arrested them. He and Officer Griffin searched them after they had been identified as the assailants by the victim and the witnesses to the assault. During the search, Officer Griffin recovered six hundred ninety dollars ($690) from the appellant. The victim claimed to have had seven hundred dollars ($700) taken from him. Suspicious actions observed

by police officers justify a temporary detention, and where officers are subsequently given reasonable cause to believe that a felony has been committed, they are justified in placing the suspects under arrest. *Post v. State,* 563 P.2d 1193 (Okl.Cr.1977). We find that the officers had probable cause to arrest the appellant, and as the arrest was legal, the trial court did not err in admitting the currency taken from the appellant into evidence. This assignment of error is likewise without merit.

■ The appellant as his final assignment of error claims that the evidence presented by the State was insufficient to support his conviction because the evidence contained so many contradictions and inconsistencies. The test for determining if the evidence is insufficient to sustain the conviction is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). In view of the strong evidence presented in this case, we find that the evidence presented is more than sufficient to sustain the verdict.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., special concurrance.

PARKS, Judge, specially concurring:

I concur by written opinion only to note that the Ninth Circuit Court of Appeals has held that accidental confrontations may constitute a denial of due process. *See Green v. Loggins,* 614 F.2d 219 (9th Cir. 1980). *See also United States v. Field,* 625 F.2d 862 (9th Cir.1980). However, even if this Court accepted the Ninth Circuit's premise, the identifications here could not be considered violative of due process, under these facts.