E.L.W., a juvenile, Appellant,

v.

STATE of Oklahoma, Appellee.

No. J–86–937.

Court of Criminal Appeals of Oklahoma.

April 15, 1987.

Hal Welch, Asst. Public Defender, Tulsa, for appellant.

J. Dennis Semler, Asst. Dist. Atty., Barry A. Bostrom, Legal Intern, Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, E.L.W., a juvenile, was adjudicated delinquent on October 31, 1986, in Tulsa County Case No. JVJ–86–43 based upon a finding that he committed the crime of Unauthorized Use of a Motor Vehicle.

Briefly stated the facts are that on October 19, 1986, Officer David R. Baker of the Tulsa Police Department was following a southbound Oldsmobile which was occupied by three black male juveniles. Although the officer never activated any equipment to effect a stop, the car pulled into a driveway and onto a lawn, and the driver and passenger from the front seat jumped out and ran while the engine was still running and the car was still moving. E.L.W. was apprehended by the Officer as he exited the driver's side. He had been sitting in the backseat, behind the driver. The steering column on the Oldsmobile was broken on the left side toward the front of the car near the turnsignal, and there were no keys in the ignition. E.L.W. told the officer he did not know that the car was stolen. He was never seen taking or driving the car.

Ms. Opal James testified that she last saw her 1983 Oldsmobile Cutlass in Oklahoma City on Saturday afternoon, the weekend of October 19, 1986. She did not give anyone permission to take, use, or drive the car other than family members.

The basic issue presented by appellant is whether the evidence was sufficient for the court as trier-of-fact to adjudicate him delinquent for committing the crime of Unauthorized Use of a Motor Vehicle. When the sufficiency of evidence is challenged on appeal the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

The essential elements of the crime of Unauthorized Use of a Motor Vehicle are: 1) take, use or drive; 2) a motor vehicle; 3) without consent of the owner; 4) with the intent to deprive the owner of possession. 47 O.S.1981, § 4–102. The facts clearly reveal that the car was stolen from Ms. James, and that appellant was observed riding in the vehicle which had a visibly broken steering column. Furthermore, the arresting officer testified that appellant was moving very quickly as he tried to get out of the car, and that in his opinion appellant was attempting to exit the stolen vehicle and flee before the officer could overtake him.

While this evidence is entirely circumstantial, we are of the opinion that this evidence excludes every reasonable hypoth-

esis other than guilt of the accused. *See Fiorot v. State*, 641 P.2d 551 (Okl.Cr.1982). Consequently, we find that the essential elements of the offense were established beyond a reasonable doubt. This assignment is groundless.

The order adjudicating appellant delinquent is accordingly AFFIRMED.

BRETT, P.J., and PARKS, J., concur.