**Jesus Varona SARDINAS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–54.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jesus Varona Sardinas, was tried in the District Court of Creek County for the crime of Shooting with Intent to Kill in Case No. CRF-83-53, and the jury returned a verdict of guilty of the lesser included offense of Assault and Battery with a Dangerous Weapon and set punishment at two (2) years imprisonment, and he appeals.

For his sole assignment of error appellant contends that the evidence presented at trial was insufficient to support a charge of Assault and Battery with a Dangerous Weapon. When the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

In the present case the evidence at trial reveals that on February 9, 1983, appellant went to the victim's house in Sapulpa armed with a .45 caliber pistol and a pocket knife. During the visit, an altercation occurred and appellant stabbed the victim with the knife. A struggle ensued and appellant pulled the gun from his pocket, and during the scuffle the gun discharged sending the bullet into the victim's chest. While the evidence is conflicting concerning whether appellant intentionally shot the victim, appellant admitted that he brought the knife and gun to the victim's house, that he stabbed the victim with the knife and that he pulled the gun out of his pocket during the scuffle. We are of the opinion that this evidence was sufficient to prove the essential elements of the crime of Assault and Battery with a Dangerous Weapon beyond a reasonable doubt. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.