**William J. YATES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–196.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William J. Yates, was tried and convicted in the District Court of Oklahoma County of the crime of Possession of a Controlled Dangerous Substance, After Second or Subsequent Conviction in Case No. CRF–84–3429 and was sentenced to four (4) years imprisonment, and he appeals.

In his single assignment of error appellant contends that the State presented insufficient evidence that he had knowledge of the presence of and actual physical control over the phencyclidine (PCP) found in the automobile.

The pertinent facts are that on July 16, 1984, two Oklahoma City police officers stopped appellant, who was driving a Blazer truck, after observing that he drove on the wrong side of the road and failed to signal when turning. When one of the officers asked appellant to produce a driver's license, he presented an identification card bearing an alias last name. The officer then detected a strong odor of ether, a substance and odor associated with PCP, in the truck. He also observed that appellant's eyes appeared to be glazed, that he seemed confused and uncertain of what was transpiring, and that he appeared unsteady on his feet. Appellant was arrested for the traffic violations and suspicion of driving while under the influence. During the inventory of the vehicle, the officers discovered a small vial containing a liquid which was responsible for the strong odor. The liquid was later determined to be PCP.

Appellant refused to submit to a test to determine if he was intoxicated. He testified at trial that he borrowed the truck from a friend, that he attracted the attention of the officers because the clutch was not functioning properly, that he was not intoxicated, and that he had no knowledge of the vial which was discovered in the truck.

Having reviewed this evidence in the light most favorable to the State, we find that a rational trier of fact could have found, beyond a reasonable doubt, that appellant had actual physical custody or knowledge of the presence of the PCP in the truck. *See Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment is groundless.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.