Terrie Lynn **SLAGEL**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–86–168.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Terrie Lynn Slagel, appellant, was tried by jury and convicted of Unlawful Delivery of Marijuana (63 O.S.1981, § 2–401), in Case No. CRF–85–56, in the District Court of LeFlore County, the Honorable George H. McBee, District Judge, presiding. The jury assessed punishment at imprisonment for five (5) years and a fine of $2,500. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

Appellant raises three assignments of error. We find merit in appellant's first assignment of error, in which she argues "the State failed to prove beyond a reasonable doubt that she was not entrapped and uncontradicted testimony indicates that entrapment did occur."

From 1980 until sometime in 1985, the Oklahoma Bureau of Narcotics (O.B.N.) employed Dallas Webber, who "was working in the capacity as a confidential informant, and he was going to set up any dope deals, or as many dope deals as he could." (PH.Tr. at 10) During the spring and early summer of 1984, Webber twice contacted Agent Smith of the O.B.N. and informed him that appellant had marijuana for sale. (Tr. at 25) On both occasions Webber and Smith visited appellant at her trailer home in Poteau, Oklahoma, but since appellant had no marijuana, no sale occurred. (Tr. at 22)

On July 23, 1984, Webber again contacted Agent Smith and advised him that appellant had marijuana for sale. Smith met Webber at his house trailer located across the street from appellant. (Tr. at 18). Webber, Smith and Agent Hale called on appellant at her trailer, but since she presently had no marijuana, they returned to Webber's trailer. Thirty minutes later, appellant delivered a half-pound of marijuana to Smith, for which she received $500. (Tr. at 18–22) The agents had previously recorded the serial numbers of the $500 they gave to appellant and both agents confirmed at trial that the O.B.N. never recovered the marked money. (Tr. at 38, 75).

Appellant took the stand and raised the affirmative defense of entrapment. Appellant testified Dallas Webber gave her the half-pound of marijuana which she delivered to the O.B.N. undercover agents, and she agreed to deliver the marijuana because "[Webber] said they needed some money and he couldn't sell it to [Agent Smith] because he owed him some money for some motorcycle parts." (Tr. at 56) Appellant testified she gave Webber the $500 she received from the O.B.N. and he gave her $20, which she used to buy groceries. (Tr. at 57)

Appellant freely admitted selling the half-pound of marijuana to the O.B.N. agents but denied having the requisite criminal intent, because the "criminal design originat[ed] with the officials of the government, and they implant[ed] in the mind of an innocent person the disposition to commit the alleged offense and induc[ed] its commission in order that they may prosecute." *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958).

Appellant does not defend on the basis that Webber gave her the marijuana to sell to Agent Smith. Such a defense would fail. *See Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). She defends on the basis that the State's deception implanted the criminal design in her mind, *id.*, at 489, 96 S.Ct. at 1649; *Sorrells v. United States*, 287 U.S. 435, 442, 53 S.Ct. 210, 213, 77 L.Ed. 413 (1932), and that she was caught in a trap set for the unwary innocent rather than for an unwary criminal, *Sherman*, 356 U.S. at 372, 78 S.Ct. at 821, because she had no predisposition to commit the crime and this crime resulted from the " '*creative* activity' of law-enforcement officials." *Id.* (emphasis in original)

The State failed to refute appellant's testimony that Webber gave her the marijuana, that he induced her to deliver the contraband, or that the State's own confidential informant received the proceeds of the sale, which proceeds were never recovered. Moreover, appellant has no prior criminal record and there is no proof she participated in any other drug sale from which predisposition to commit the offense could reasonably be inferred. Rather, the State sought to overcome the defense of entrapment by claiming appellant was a willing participant and acceded to Webber's request. *Sherman*, 356 U.S. at 375, 78 S.Ct. at 822.

A question of entrapment is generally one for the jury, rather than for the court. *Mathews v. United States*, 485 U.S. ——, ——, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). The case was submitted to the jury with appropriate instructions on her theory of defense.

Under *Spuehler v. State*, 709 P.2d 202 (Okla.Crim.App.1985), the critical inquiry on appeal for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Id.* at 203–04. By introducing sufficient evidence to raise the defense of entrapment, appellant placed into issue whether she was predisposed to commit this crime but for the State's inducement. The State then had the burden of proof to establish beyond a reasonable doubt that appellant was not entrapped. *McInturff v. State*, 554 P.2d 837, 840–41 (Okla.Crim.App.1976).

Viewing the evidence in the light most favorable to the State, we conclude no rational trier of fact could have found beyond a reasonable doubt, based upon this record, that appellant was predisposed to commit the crime. We, therefore, REVERSE and REMAND with instructions to dismiss.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.

BUSSEY, Judge, concurring in result:

The majority states, "appellant has no prior criminal record and there is no proof she participated in any other drug sale from which predisposition to commit the offense could reasonably be inferred." I find such statement to be unnecessary dicta. Permissible police activity does not vary according to the particular defendant. Surely, if two individuals have been solicited in the same manner, one should not go to jail simply because he or she has been convicted before and is said to have a criminal disposition. *Sherman v. United States*, 356 U.S. 369, 383, 78 S.Ct. 819, 826, 2 L.Ed.2d 848, 857 (1958) (Frankfurter, J., Concurring in Result).

However, I do find that the State's activity in the present case amounted to entrapment. As Mr. Justice Holmes stated in his dissent in *Olmstead v. United States*, 277 U.S. 438, 470, 48 S.Ct. 564, 575, 72 L.Ed.

944, 952 (1928), "It is desirable that criminals should be detected, and to that end that all available evidence should be used. It is also desirable that the Government should not itself foster and pay for other crimes, when they are the means by which the evidence is to be obtained." Accordingly, I concur in the result reached by the majority.