**Dearle Glen HUNT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–87–571.

Court of Criminal Appeals of Oklahoma.

May 5, 1989.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Dearle Glen Hunt, was convicted in the District Court of Hughes County, Case No. CRF–86–91, of Attempted Unlawful Manufacture of a Controlled Dangerous Substance. The jury assessed a sentence of imprisonment for twenty (20) years and a fine of $5,000.00 dollars. Judgment and sentence was imposed accordingly and this appeal followed.

On October 1, 1986, law enforcement officers executed a search warrant on appellant's trailer which was parked on a remote piece of land in Hughes County. They discovered laboratory equipment, chemicals, and instructions for the manufacture of methamphetamine. One of the component chemicals, ether, was found in a refrigerator that had been seen locked with a chain and padlock. Appellant was arrested at the time of the search, and was found in possession of a receipt for the purchase of ether, as well as the key to the lock on the refrigerator. A copy of the instructions for making methamphetamine was secreted in a frame containing a picture of one of appellant's girlfriends. The picture frame, in turn, was found in a brief case belonging to appellant. There were also other materi-

als in the briefcase related to the manufacture of illegal drugs.

For the State to obtain a conviction for the crime charged in this case, it must show appellant's intent to manufacture the drugs, the performance of some overt act toward manufacture, and the failure to consummate the crime. *Rosteck v. State*, 749 P.2d 556 (Okl.Cr.1988). In his first assignment of error, appellant challenges the sufficiency of the evidence to establish an overt act. He relies upon *Weimar v. State*, 556 P.2d 1020 (Okl.Cr.1976) for the proposition that the overt act requirement cannot be satisfied by preparation alone, and that the evidence in this case shows no more than preparation. The argument is well taken. Much of the labratory equipment was still in sealed boxes, and none had been assembled in any fashion. None of the chemicals had been used.

Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears or when they are specifically defined by statute. Title 25 O.S.1981, § 1. "Manufacture," in its ordinary sense, involves the making of products by hand or machinery. Black's Law Dictionary (5th ed. 1979). Although extensive preparation had occurred in this case by the purchasing and bringing together of several items, there was no evidence of an overt act to initiate the process of making the drugs themselves. No reasonable jury could have found each essential element of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *Spuehler v. State* 709 P.2d 202 (Okl.Cr.1985); and appellant's conviction must fall on this record.

This opinion is not to be construed to affect the validity of searches conducted under the circumstances of this case. The law enforcement officers performed commendably by taking action after recognizing the smell of ether and noticing the presence of equipment associated with the manufacture of drugs. However, their search ultimately uncovered no evidence of an actual attempt to manufacture drugs.

The most that can be said is that appellant attempted or conspired to establish a facility for the illegal manufacture of a controlled dangerous substance.

Because the evidence was insufficient to support a conviction, this case is REVERSED and REMANDED to the District Court of Hughes County with instructions to DISMISS.

BRETT, P.J., PARKS, Vice P.J., and LANE and LUMPKIN, JJ., concur.