FILED
United States Court of Appeals
Tenth Circuit

**February 9, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

ALANDO JAMES BATES,

Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

Respondent-Appellee.

No. 08-6061
(D.C. No. CV-07-926-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Alando James Bates, an Oklahoma state prisoner appearing

pro se, seeks a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(1)(A) to

challenge the federal district court's denial of his habeas corpus petition.  Because the

district court issued an order denying a COA, our jurisdiction arises under 28 U.S.C. §§

1291 and 2253(a).  Affording solicitous consideration to Mr. Bates's pro se filings, *see*

---

[*] This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.  After examining Petitioner's brief and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this matter.  *See* Fed. R. App. P. 34(a).  The
case is therefore ordered submitted without oral argument.

*Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we hold that no reasonable jurist could conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Bates's application for a COA and **DISMISS** the appeal.

## I. BACKGROUND

An Oklahoma Highway Patrol trooper pulled over a car bearing an expired license tag. The car was being driven by a woman named Brenda Esparza, with a female passenger named Pollyanna Miller in the passenger seat, and a man later identified as Mr. Bates sitting in the middle of the back seat. While the trooper was citing Ms. Esparza for driving with a revoked license, another officer arrived at the scene, and then Mr. Bates, shirtless and wearing camouflage pants, exited the automobile and fled into a pasture. The second officer pursued Mr. Bates but was unable to catch him; Mr. Bates was apprehended the next day. According to officers' trial testimony, Mr. Bates stated during questioning that the two women had nothing to do with the items found in the car.

During an inventory search of the car, the officers found a propane tank, filled with anhydrous ammonia and wrapped in a camouflage jacket, and a loaded, sawed-off shotgun in the area where Mr. Bates had been sitting. They also found marijuana and methamphetamine in a console between the front seats in the front dashboard. Additionally, the troopers discovered kitchen matches, liquid HEET, and starter fluid in the trunk of the car. There was testimony at trial that all of those items are common precursors for manufacturing methamphetamine. The same day Mr. Bates was

apprehended, county sheriff's deputies searched the trailer in which Mr. Bates and Ms. Miller resided as well as a workshop that they used for storage. The deputies found various items associated with the manufacture of methamphetamine and materials indicating that methamphetamine was being manufactured on the premises.

Mr. Bates was charged in Oklahoma state court with three felony charges: (1) possession of precursor substances with the intent to manufacture a controlled dangerous substance in violation of Okla. Stat. tit. 63, § 2-401(G); (2) possession of controlled dangerous substances (methamphetamine and marijuana) in violation of Okla. Stat. tit. 63, § 2-402; and (3) possession of a firearm in commission of a felony in violation of Okla. Stat. tit. 21, § 1287. Mr. Bates was found guilty on all counts by a jury and sentenced to serve a total of forty years in prison. Mr. Bates filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction and sentence in a summary opinion. The OCCA also affirmed the trial court's denial of postconviction relief. Mr. Bates then filed a 28 U.S.C. § 2254 habeas corpus petition in federal district court, and a magistrate judge prepared a thorough, thirty-page Report and Recommendation ("R&R") recommending denial of his petition. *See Bates v. Workman*, No. CIV-07-926-M, 2008 WL 686164 (W.D. Okla. Mar. 7, 2008).

After reviewing Mr. Bates's objection to the R&R, the district court adopted the R&R, denied Mr. Bates's petition for habeas relief, and denied Mr. Bates's request for a COA. *Id.* at *1. Mr. Bates now seeks to appeal to this Court and renews his request for a COA on all five claims presented to the district court.

## II. STANDARD OF REVIEW

The denial of a petition for federal habeas relief under § 2254 can be appealed only if a COA is issued. 28 U.S.C. § 2253(c)(1)(A). A COA may not issue under § 2253(c)(1) unless "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because the district court addressed the merits of Mr. Bates's claims in rejecting his § 2254 petition, we will grant a COA only if Mr. Bates demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

If a claim already has been adjudicated on the merits in state court proceedings, a petitioner is entitled to federal habeas relief only if he or she can establish that the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable

-4-

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008), *petition for cert. filed*, No. 08-7777 (U.S. Oct. 14, 2008).

## III.  DISCUSSION

Mr. Bates raises five issues as potential grounds for habeas relief in his application for a COA:  (1) insufficiency of the evidence; (2) reversible prosecutorial misconduct; (3) excessive sentence; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.  Save for Mr. Bates's first claim, upon which further discussion is necessary and helpful, we rely substantially upon the reasoning already adopted by the district court, and we reach the same conclusion.

### A.  *Insufficiency of the Evidence*

Mr. Bates's first assertion is that the evidence introduced at trial was insufficient to support his conviction on all three counts, because the evidence presented by the State failed to exclude every reasonable hypothesis except that of Mr. Bates's guilt.  When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted).  This standard respects the jury's role in weighing evidence and drawing reasonable inferences from the testimony

presented. *Dockins v. Hines*, 374 F.3d 935, 939 (10th Cir. 2004) (citing *Jackson*, 443 U.S. at 319). The OCCA rejected this claim on the merits in denying Mr. Bates's direct appeal, finding that though the evidence against Mr. Bates was circumstantial, a rational trier of fact could have found the essential elements of all of the crimes beyond a reasonable doubt. In so finding the OCCA applied the *Jackson* standard as identified and described in *Spuehler v. State*, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985). *See Torres v. Mullin*, 317 F.3d 1145, 1152 n.3 (10th Cir. 2003).

Mr. Bates's dual arguments rest on the premise, subscribed to by the OCCA, that the State relied on circumstantial evidence to prove his guilt. First, he argues that the OCCA should have applied the stringent "reasonable hypothesis" test Oklahoma previously used in circumstantial evidence cases, whereby such evidence sufficed for a conviction only if there was sufficient evidence to exclude every reasonable hypothesis but guilt. *See Easlick v. State*, 90 P.3d 556, 557-59 (Okla. Crim. App. 2004). The OCCA abandoned that standard and adopted the *Spuehler* standard (incorporating *Jackson*) for all sufficiency claims in *Easlick* while Mr. Bates's case was pending on direct appeal. *Id.* at 559; *Lay v. State*, 179 P.3d 615, 623 (Okla. Crim. App. 2008) ("*Easlick* overruled years of settled law and abolished the 'reasonable hypothesis' standard in the guilt/innocence instructions and on appellate review of sufficiency of the evidence claims."). Mr. Bates acknowledges the OCCA's holding in *Easlick*, but he asserts that the sufficiency issue should be reviewed under the reasonable hypothesis test because that was the standard in

-6-

effect while the crimes were committed and while his trial was held.[1]  As noted by the

OCCA, however, that court has applied the *Spuehler* standard to other appeals decided

after *Easlick* was issued.  *See Hogan v. State*, 139 P.3d 907, 919 (Okla. Crim. App. 2006)

("[T]he language in *Easlick* clearly expressed [the OCCA]'s intent to apply the *Spuehler*

standard in all cases reviewed on appeal post[-]*Easlick*.  The retroactive application of a

standard of review does not run afoul of any of [defendant]'s constitutional rights.").

The OCCA's use of the *Spuehler* standard, rather than the discarded reasonable

hypothesis test, was not contrary to or an unreasonable application of clearly established

federal law.  28 U.S.C. § 2254(d)(1). To the extent Mr. Bates argues that application of

the *Spuehler* standard violated his equal protection rights, we agree with the district court

that the OCCA's rejection of this argument does not entitle Mr. Bates to habeas relief.

His "argument here comes down to a contention that [Oklahoma] law was misapplied,"

and the Fourteenth Amendment does not protect against mere misapplication of state law.

*Beck v. Washington*, 369 U.S. 541, 554-55 (1962); *Cummings v. Sirmons*, 506 F.3d 1211,

1237 (10th Cir. 2007)  ("[Defendant] has cited to no United States Supreme Court

decisions, and our own independent research has failed to produce any, holding that a

state court's erroneous application of state criminal law can result in a violation of a

criminal defendant's equal protection rights."), *cert. denied*, 128 S. Ct. 2943 (2008).  And

---

[1]     The trial transcript indicates that the State argued the "reasonable
hypothesis" standard to the jury.  Thus Mr. Bates had the benefit of this
"seemingly higher conviction standard" at trial.  *See Dunkle v. State*, 139 P.3d
228, 235 n.22 (Okla. Crim. App. 2006).

any argument that the OCCA's application of the *Spuehler* standard was an ex post facto violation, thereby implicating his due process rights, is unavailing. The decision in *Easlick* did not alter the definition of criminal conduct or change the punishment for any offenses. Thus, its application did not constitute an ex post facto violation. *See Sallahdin v. Gibson*, 275 F.3d 1211, 1228 (10th Cir. 2002) (holding that application of a judicial decision was not an ex post facto violation when the decision did not redefine any crimes, defenses, or punishments).

Second, Mr. Bates argues that the evidence presented by the State at trial gave rise only to a "suspicion" that he was guilty on the three counts rather than being sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt under *Jackson*. It is not clearly settled whether this circuit treats a sufficiency of the evidence issue on habeas review as a question of law, reviewed pursuant to 28 U.S.C. § 2254(d)(1), or as a question of fact, reviewed pursuant to 28 U.S.C. § 2254(d)(2). *Dockins*, 374 F.3d at 939. Here, however, we need not decide because the OCCA's rejection of Mr. Bates's claim of insufficient evidence was neither contrary to or an unreasonable application of *Jackson* nor an unreasonable determination of the facts in light of the evidence before it. *See id.*

On the first count, the Oklahoma statute prohibited knowingly possessing a precursor substance such as anhydrous ammonia with the intent to manufacture a controlled dangerous substance—here, methamphetamine.[2] *See* Okla. Stat. tit. 63, § 2-

---

[2] Although the pattern jury instruction for this count allowed the trial court to select between "knowingly" and "intentionally" on the first element, it is
(continued...)

401(G) (2001 & Supp. 2003). On count two, the State had to prove that Mr. Bates knowingly and intentionally possessed a controlled dangerous substance (methamphetamine and marijuana). *See* Okla. Stat. tit. 63, § 2-402(A) (2001); Instruction No. 6-6, OUJI-CR(2d) (Supp. 2003). And for count three, the State had to prove that Mr. Bates knowingly and willfully possessed a shotgun while committing the felony of possession of precursor substances with intent to manufacture methamphetamine and that the possession of the shotgun was connected to the commission of the felony. *See* Okla. Stat. tit. 21, § 1287 (2001); Instruction No. 6-38, OUJI-CR(2d) (Supp. 2003).

All of Mr. Bates's sufficiency claims stem from his contention that he was merely a passenger in Ms. Esparza's car, such that he cannot be held to have knowingly possessed the items found in the vehicle. The transcript of Mr. Bates's trial, however, shows there was more than sufficient evidence presented for the jury to have found him guilty on all three counts. As outlined in the R&R adopted by the district court, the evidence presented at trial clearly indicated Mr. Bates's proximity to the precursor materials, the drugs, and the shotgun, regardless of whose car he had been riding in. And, then, there were the indicators of Mr. Bates's knowledge and control, such as: his flight from the scene; his clothing at the time—shirtless, with camouflage pants, which the jury could reasonably infer were related to the camouflage jacket wrapped around the tank of anhydrous ammonia; the discovery of ongoing methamphetamine manufacture in his

_____

[2](...continued)
clear from the trial transcript and the parties' filings that the instruction given to the jury read "knowingly."

workshop; and Mr. Bates's statement that the two women had nothing to do with the items found in the car. When these pieces of evidence are aggregated, it is patent that the OCCA's rejection of Mr. Bates's sufficiency argument was neither contrary to nor an unreasonable application of *Jackson* and did not reflect an unreasonable determination of the facts in light of all of the evidence. More to the point, the reasonableness of the district court's determination that there was sufficient evidence presented at Mr. Bates's trial to support the convictions on all three counts is not fairly debatable.

Regarding Count One, Mr. Bates makes a side argument that because the State did not prove that the anhydrous ammonia was in an "unauthorized container," the State failed to prove an element of the crime.[3] On direct appeal, the OCCA rejected this claim, reasoning that the State was not required to prove Mr. Bates possessed the anhydrous ammonia in an "unauthorized container" because such a finding was not required by the statute. The district court noted this argument but did not address it separately from its general analysis of the OCCA's determination of Mr. Bates's overall sufficiency of the evidence claim. The version of the relevant statute in effect during the time of Mr. Bates's trial prohibited the possession of "any substance containing any detectable amount of . . . anhydrous ammonia . . . with the intent to use that substance to manufacture a controlled dangerous substance." Okla. Stat. tit. 63, § 2-401(G)(1). Therefore, the statute did not require that possession in an unauthorized container be

---

[3]     Although this Court was not provided the jury instructions, it is evident from the trial transcript, and neither party disputes, that Instruction No. 6-3B was the instruction submitted to the jury.

-10-

proved as an element of the crime.  The provision additionally directed, however, that

"[t]he possession of any amount of anhydrous ammonia in an unauthorized container . . .

shall be prima facie evidence of intent to use such substance to manufacture a controlled

dangerous substance."  *Id.* § 2-401(G)(2).[4]

At the time of Mr. Bates's trial, the Oklahoma Uniform Jury Instructions ("OUJI")

provided two separate pattern jury instructions for this precursor offense.  Instruction No.

6-3A tracked § 2-401(G) in listing the elements of the crime of possession of a precursor

substance with intent to manufacture.  This instruction contained optional language—to

be included if evidence has been introduced that the defendant possessed anhydrous

ammonia in an unauthorized container—instructing that the jury could regard proof of an

unauthorized container as intent to use the anhydrous ammonia to manufacture a

controlled dangerous substance and that such intent must be proved beyond a reasonable

doubt.  *See* Instruction No. 6-3A, OUJI-CR(2d) (Supp. 2003).  The jury instruction given

to Mr. Bates's jury, however, Instruction No. 6-3B, was tailored to possession of

anhydrous ammonia and read as follows:

> No person may be convicted of possessing anhydrous
> ammonia in an unauthorized container with the intent to manufacture
> a controlled dangerous substance unless the State has proved beyond
> a reasonable doubt each element of the crime.  These elements are:
>     First, knowingly;
>     Second, possessing;
>     Third, anhydrous ammonia in an unauthorized container;
>     Fourth, with the intent to use the anhydrous ammonia to

---

[4]     The trial transcript indicates that an instruction on this provision also was included in the jury's instructions.

-11-

manufacture;

Fifth, the controlled dangerous substance of METHAMPHETAMINE.

You may, but are not required to, regard proof that the defendant knowingly possessed anhydrous ammonia in an unauthorized container as sufficient evidence that the defendant intended to use the anhydrous ammonia to manufacture METHAMPHETAMINE. The defendant's intent to use the anhydrous ammonia to manufacture METHAMPHETAMINE must be proved beyond a reasonable doubt.

Instruction No. 6-3B, OUJI-CR(2d) (Supp. 2003). Thus, the instruction given at Mr. Bates's trial did list the "unauthorized container" as a required element of the crime, in contrast to the statute. Neither party objected to the instruction.[5]

We are limited on habeas review of this claim of legal error to examining the OCCA's application of "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Such "clearly established" law is composed of the holdings of the Supreme Court. *House*, 527 F.3d at 1015. There is no clearly established federal law from the Supreme Court adopting the variation of the law-of-the-case doctrine that we apply in this circuit, "whereby the Government is required to prove all elements put forth in unchallenged instructions to the jury, even if the Government would not, under law, be otherwise required to do so." *United States v. Romero*, 136 F.3d 1268, 1273 (10th Cir. 1998); *see also United States v. Williams*, 376 F.3d 1048, 1051 (10th Cir.

_____

[5] In 2005, the separate jury instruction containing the language regarding an unauthorized container was excised, leaving only an instruction reflecting the language of § 2-401(G), with optional language regarding an unauthorized container that, if included, is supplementary rather than comprising an element of the offense. *See In re Adoption of the 2005 Revisions to the Okla. Uniform Jury Instructions*, 119 P.3d 753, 769-70 (Okla. Crim. App. 2005).

2004) (noting that in this circuit "[t]he law of the case is applied to hold the government to the burden of proving each element of a crime as set out in a jury instruction to which it failed to object, even if the unchallenged jury instruction goes beyond the criminal statute's requirements").

The Supreme Court has refused to be bound by a circuit's choice to follow the law-of-the-case doctrine, instead implicitly holding that adherence to the doctrine at the circuit level is a discretionary matter for the circuit courts. *Romero*, 136 F.3d at 1272 & n.5 (citing *United States v. Wells*, 519 U.S. 482, 487-88 & n.4 (1997)). Thus, even if the given instruction added an element to the crime to be proved, there is no clearly established federal law mandating the application of the law-of-the-case doctrine in these circumstances, and therefore we need not—and cannot—assess the OCCA's decision under the remaining criteria of § 2254(d)(1). *House*, 527 F.3d at 1016-18, 1022 (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). And to the extent that Mr. Bates may be arguing that the jury instruction was inconsistent with Oklahoma law, he did not raise such an objection to the jury instruction in the state courts or the district court, and so we will not consider such an argument here. *See Dockins*, 374 F.3d at 940.

Thus, Mr. Bates has not demonstrated that reasonable jurists would find the district court's assessment of his sufficiency of the evidence claims debatable or wrong, and a COA is not warranted. *See Slack*, 529 U.S. at 484.

## B. Remaining Claims

As regards Mr. Bates's remaining claims, following review of Mr. Bates's

application for a COA, the district court's order, and the entire record on appeal, we find that reasonable jurists could not debate the district court's conclusion that there are no grounds for habeas relief on these claims. Regarding those arguments adjudicated by the OCCA, that court's decisions comport with 28 U.S.C. § 2254(d). Further, the magistrate judge's R&R—expressly adopted by the district court—reflects a careful analysis of the record and is supported by the applicable law. For substantially the same reasons as the district court, then, we conclude that Mr. Bates is not entitled to a COA.

## IV. CONCLUSION

For the reasons set forth above, we **DENY** Mr. Bates's application for a COA and **DISMISS** his appeal. Mr. Bates's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge