STATE of North Dakota, Plaintiff
and Respondent,

v.

Larry EMMIL, Defendant and Appellant.

Crim. No. 365.

Supreme Court of North Dakota.

Nov. 25, 1969.

Helgi Johanneson, Atty. Gen., Bismarck, and Bruce R. Howe, State's Atty., and Albert J. Hardy, Asst. State's Atty., Dickinson, for plaintiff and respondent.

Greenwood, Swanson, Murtha & Moench, Dickinson, for defendant and appellant.

STRUTZ, Judge.

This is a criminal action. The defendant was found guilty of aggravated reckless driving after trial to the court without a jury. He has taken this appeal from the judgment of conviction and from the order denying his motion for new trial.

We are faced at the outset with a motion by the State to dismiss the appeal on the ground that the appeal was not timely taken. We first will consider this motion.

Our statute providing for appeals in criminal cases states, in part:

"An appeal from a verdict or judgment may be taken within three months after its rendition and from an order within sixty days after it is made. * * *" Sec. 29-28-08, N.D.C.C., as amended.

The record in this case discloses that the judgment of conviction was rendered on December 20, 1967. The order denying the defendant's motion for new trial was made on January 29, 1968. The notice of appeal from both the judgment and the order denying new trial was entered on April 23, 1968. Thus such appeal was taken more than three months after rendition of the judgment and more than sixty days after the order denying the motion for new trial was made. The right of appeal being purely statutory, it must be exercised within the time which the Legislature has seen fit to provide. State v. Wilson, 142 N.W.2d 106 (N.D.1966); State v. McClelland, 72 N.D. 665, 10 N.W. 2d 798 (1943); State v. Prince, 66 N.W.2d 796 (N.D.1954).

Other States, including the State of Minnesota, have followed this same rule. State v. Wiley, 260 Minn. 88, 108 N.W.2d 774 (1961).

What we have said above ordinarily would dispose of this appeal. However, because the defendant might feel that his rights have not been properly protected by his counsel, we have examined the entire record and we find the facts to be as follows:

—On the night of the accident out of which the charge against the defendant arose, he and a female companion were riding in the defendant's automobile on a public highway, approximately one mile north of the city of Dickinson. While traveling at a high rate of speed, the vehicle left the highway, traveled 141 feet and struck a utility pole which broke into three pieces, and then continued for another 561 feet until it came to rest. Both occupants of the car suffered physical injuries. The defense to the charge of aggravated reckless driving was that the State had not established that the defendant was the driver of the vehicle at the time of the accident. Both the defendant and his female companion testified that she was doing the driving.

—The evidence submitted by the State showed a deep impression in the door of the glove compartment; it showed that hair of the female passenger was embedded in the extreme right corner of the broken windshield and that the female passenger in the car suffered physical injury which corresponded to the above damage to the car. She suffered a severely injured right knee, which the State contends was injured by striking the glove compartment door. She further suffered head injuries which the State contended resulted from her head striking the windshield where the strands of her hair were found.

—The State also contends that the defendant suffered injuries which corresponded to the damages to the car on the driver's side. He had severe chest injuries, presumably from striking the steering wheel. He had severe mouth injuries which the State contends corresponded to what the State asserted were tooth marks on the padded dash on the driver's side and on the left of the steering wheel, though the defendant denied that these were tooth marks. The defendant suffered no head injuries.

—From the evidence so submitted, the court found that the defendant was the

driver of the vehicle at the time of the accident.

Although the automobile belonged to the defendant, no one actually saw the defendant driving at the time of the accident, and he strenuously contends that the State has wholly failed to establish its burden of proving him guilty beyond a reasonable doubt, especially in view of the testimony of both the defendant and his companion that at the time of the accident she was behind the wheel.

It is true that there was no direct evidence that the defendant was driving at the time of the accident. But there was strong circumstantial evidence that he was behind the wheel. The girl companion's head was injured, and the State contends that she struck the extreme right corner of the windshield because strands of her hair were found in the broken glass at that point. It is undisputed that she did suffer head injuries, while the defendant did not. She also suffered a knee injury, and the door of the glove compartment was bent where something had struck it. Then, too, the defendant suffered severe chest injuries where, the State contends, he hit the steering wheel. He suffered injuries to his mouth and teeth, and marks which the State contends were tooth marks were found on the padded dash to the left of the steering wheel.

■ All of this is, of course, circumstantial evidence. The law does not require that every fact going to make up a case be proved by eyewitnesses or by direct evidence. In criminal as well as in civil cases, issues may, generally speaking, be established by circumstantial evidence. 30 Am.Jur.2d, Evidence Sec. 1091, p. 248.

This court has held that there is no legal distinction, so far as weight and effect to be given is concerned, between circumstantial evidence and direct evidence. State v. Foster, 14 N.D. 561, 105 N.W. 938 (1905).

■ Thus circumstantial evidence alone may justify a conviction, provided it is of such probative force as to enable the trier of facts to say that the defendant is guilty beyond a reasonable doubt. The testimony of the defendant and that of his female companion, which the court did not believe, is not sufficient to furnish a hypothesis consistent with innocence of the defendant, where the circumstances clearly indicate that the defendant's testimony was improbable. Thus, even though there was direct testimony on the issue of who was driving, the circumstantial evidence may outweigh or be more convincing than the direct testimony.

For reasons stated above, this appeal must be dismissed for lack of jurisdiction on appeal. However, we have carefully examined the evidence and, while it is wholly circumstantial so far as proof of the defendant's being the driver of the vehicle is concerned, we find that the evidence was sufficient to support the decision of the trial court finding the defendant guilty of aggravated reckless driving. Thus, even if we had jurisdiction of the appeal, the judgment of conviction would have to be affirmed.

Appeal dismissed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.