2004 OK CR 21

**Rodney Eugene EASLICK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F 2003–70.**

Court of Criminal Appeals of Oklahoma.

May 3, 2004.

---

**557**

Anthony McKesson, Assistant Public Defender, Oklahoma City, OK, attorneys for defendant at trial.

Ashley Altshuler, Assistant District Attorney, Oklahoma City, OK, attorneys for the State at trial.

Wendell B. Sutton, Assistant Public Defender, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Oklahoma Attorney General, Jennifer J. Dickson, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

LILE, Vice Presiding Judge.

¶ 1 Appellant, Rodney Eugene Easlick, was convicted, after a jury trial, of Trafficking in Illegal Drugs (Cocaine Base), after former conviction of one felony, in Oklahoma County Case No. CF–2001–1430, before the Honorable Susan P. Caswell, District Judge. Judge Caswell sentenced Appellant to forty-five years imprisonment after the jury failed to agree on a sentence. Appellant has perfected his appeal of the Judgment and Sentence to this Court.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

1. Mr. Easlick's conviction for Trafficking in Illegal Drugs must be reversed and remanded with instructions to dismiss because the State presented insufficient evidence to prove beyond a reasonable doubt the essential elements of knowledge and possession.

2. Mr. Easlick's rights under the Sixth and Fourteenth Amendments, article II, §§ 7 & 20 of the Oklahoma constitution, and Okla. Stat. Tit. 22, §§ 583, 912 (2001), were violated when, prior to the impaneling and swearing of the jury, the trial court held his trial *in abstentia* over objection.

3. Mr. Easlick's 45–year sentence was based on irrelevant and/or improper factors thus requiring a sentence modification.

¶ 3 After thorough consideration of the entire record before us on appeal, we have determined that Appellant's convictions should be **AFFIRMED**.

¶ 4 In reaching our decision, we find, in proposition one, that there was sufficient evidence to exclude every reasonable hypothesis but guilt. *Jackson v. State*, 1998 OK CR 39, 964 P.2d 875. We also take this opportunity to reexamine our antiquated dual testing procedure on the sufficiency of the evidence depending on the type of evidence relied on; circumstantial or direct. We find it is time that we abolish the "reasonable hypothesis" test and adopt a unified approach in examining sufficiency issues.

¶ 5 Thirty-two states and all of the federal circuits utilize a unified approach when examining the sufficiency of the evidence.[1]

1. *State v. McDonald*, 872 P.2d 627 (Alaska App. 1994); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985); *People v. Miller*, 50 Cal.3d 954, 269 Cal. Rptr. 492, 790 P.2d 1289 (1990); *People v. Wyles*, 873 P.2d 34 (Colo.App.1994); *State v. Reynolds*, 264 Conn. 1, 824 A.2d 611 (2003); *Hoey v. State*, 689 A.2d 1177 (Del.1997); *State v. Bright*, 64 Haw. 226, 638 P.2d 330 (1981); *State v. Ponthier*, 92 Idaho 704, 449 P.2d 364 (1969); *People v. Shevock*, 335 Ill.App.3d 1031, 270 Ill.Dec. 390, 782 N.E.2d 949 (2003); *People v. Pollock*, 202 Ill.2d 189, 269 Ill.Dec. 197, 780 N.E.2d 669 (2002); *Loyd v. State*, 787 N.E.2d 953 (Ind.App. 2003); *State v. Morton*, 230 Kan. 525, 638 P.2d 928 (1982); *Bussell v. Com.*, 882 S.W.2d 111 (Ky.1994); *Bryant v. State*, 142 Md.App. 604, 791 A.2d 161 (2002); *Com. v. Gendraw*, 55 Mass.App. Ct. 677, 774 N.E.2d 167 (2002); *People v. Hardiman*, 466 Mich. 417, 646 N.W.2d 158 (2002); *Cox v. State*, 849 So.2d 1257 (Miss.2003); *State v. Williams*, 66 S.W.3d 143 (Mo.App.2001); *State v. Landis*, 308 Mont. 354, 43 P.3d 298 (2002); *State*

These tests are based on the test found in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970):

> Whether after reviewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

¶ 6 The reasonable hypothesis test was formed at a time when circumstantial evidence was universally distrusted. *See Commonwealth v. Webster*, 59 Mass. 295, 296 (1850) (first reference to a reasonable hypothesis test). However, given the current instructions defining direct and circumstantial evidence, the equal footing on which both types of evidence stand, along with the strength of the reasonable doubt standard, the fear of circumstantial evidence becomes unfounded.

¶ 7 In *Holland v. United States*, 348 U.S. 121, 139–40, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954), the Supreme Court held, if a proper reasonable doubt instruction is given, a jury need not be instructed that circumstantial evidence must be so strong as to exclude every reasonable hypothesis other than guilt.

¶ 8 The Supreme Court reasoned that:

> [I]n both instances the jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

*Holland*, 348 U.S. at 140, 75 S.Ct. at 137. The Court admits that circumstantial evidence may point to a wholly incorrect result, but they point out that the same could be said of testimonial evidence. *Id.* Direct evidence, whether in the form of eye witness testimony, or exhibits may point to an incorrect result.

¶ 9 However, in both cases a jury is asked to consider the evidence, "draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons ... make deductions and reach conclusions which reason and common sense lead you to draw from the fact which you find to have been established by the testimony and evidence in the case." OUJI–CR 2d 9–1 (1996), *see Holland*, 348 U.S. at 140, 75 S.Ct. at 137–38.[2]

¶ 10 The earliest case in Oklahoma utilizing the "reasonable hypothesis" test is *Sies v. State*, 6 Okl.Cr. 142, 117 P. 504 (1911). This Court set forth the test as follows:

> If the facts and circumstances are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient evidence to support a conviction. The general rule in criminal cases is that, where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence.

*Id.* 117 P. at 505. In *Sies*, the defendant was found with a marked one-dollar bill which agents gave a witness to purchase whisky. However, the witness testified that he did not directly purchase whisky from Sies. These facts only raised a mere suspicion regarding the guilt of the defendant. The same result would have been reached had this Court utilized the test found in *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202, 203–04.

v. Jacob, 253 Neb. 950, 574 N.W.2d 117 (1998); *State v. Swint*, 328 N.J.Super. 236, 745 A.2d 570 (App.2000); *State v. Bankert*, 117 N.M. 614, 875 P.2d 370 (1994); *State v. Haselden*, 357 N.C. 1, 577 S.E.2d 594 (2003); *State v. Treis*, 597 N.W.2d 664 (N.D.1999); *State v. McCarthy*, 99 Ohio Misc.2d 11, 714 N.E.2d 475 (1999); *State v. Carson*, 292 Or. 451, 640 P.2d 586 (1982); *Com. v. Robertson–Dewar*, 829 A.2d 1207 (Pa.Super.2003); *Com. v. Newsome*, 787 A.2d 1045 (Pa.Super.2001); *State v. Kaba*, 798 A.2d 383 (R.I.2002); *State v. Guthrie*, 627 N.W.2d 401

(S.D.2001); *Hayward v. State*, 117 S.W.3d 5 (Tex. App.2003); *State v. Span*, 819 P.2d 329 (Utah 1991); *State v. Couture*, 169 Vt. 222, 734 A.2d 524 (1999); *State v. Israel*, 113 Wash.App. 243, 54 P.3d 1218 (2002).

**2.** Universally, throughout all jurisdictions, the "reasonable hypothesis" test is viewed as an attempt to define reasonable doubt in a circumstantial evidence case.

¶ 11 There is no difference in the weight given circumstantial evidence or direct evidence. See OUJI–CR 2d 9–4 (1996)("the law makes no distinction between the weight to be given to either direct or circumstantial evidence"); *also see Gilbert v. State,* 1997 OK CR 71, 951 P.2d 98, 120 (where the prosecutor told the jury that circumstantial evidence should not be considered inferior to direct evidence, this Court held that the comment was a correct statement of the law). Despite this view, this Court still utilizes two separate tests for the weighing of circumstantial evidence versus direct evidence when it comes to the sufficiency of evidence in a criminal case.

¶ 12 In a more recent case, *White v. State,* 1995 OK CR 15, 900 P.2d 982, 994, the special concurrence points out that the "dichotomy stems from an antiquated notion" that direct evidence is more valuable than circumstantial evidence. A more uniform standard is necessary to reduce jury confusion and to underscore the belief that there is no difference in the weight to be given circumstantial evidence and direct evidence.

¶ 13 In *New Jersey v. Mayberry,* 52 N.J. 413, 245 A.2d 481, 493 (1968), *citing People v. Sullivan,* 22 Ill.2d 122, 174 N.E.2d 860, 861 (1962), the Court made an astute observation when it stated that it is clear that the standard of the "reasonable hypothesis" test excluding all theories of innocence, "was never applied literally, for if it had been it would have unreasonably defeated many legitimate prosecutions based on circumstantial evidence where it was possible to devise speculative hypothesis consistent with the defendant's innocence."

¶ 14 The Court went on to say that:

[T]he proper issue is simply whether the evidence, viewed in its entirety including the legitimate inferences there from, is sufficient to enable a jury to find that the state's charge has been established beyond a reasonable doubt.

*Id.* The Supreme Court of Vermont stated:

In determining whether there is sufficient evidence to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt, trial and appellate courts face a difficult task. Judicial scrutiny of evidentiary sufficiency requires courts to make complex, subjective decisions. This enterprise is ill served by reliance upon the discredited suspicion of circumstantial evidence. The proper focus of judicial review should be the quality and strength of the evidence, whether direct or circumstantial.

*Vermont v. Derouchie,* 140 Vt. 437, 440 A.2d 146, 150 (1981).

¶ 15 Because the "reasonable hypothesis" test is based on antiquated ideas concerning the value of circumstantial evidence and because we have a test that can be utilized in a universal manner, the "reasonable hypothesis" test should meet its demise in this State in accord with the vast majority of jurisdictions. The *Spuehler* test for insufficiency is broad enough to utilize when weighing evidence, both circumstantial and direct. Therefore, in the future, we will review sufficiency of evidence issues under the *Spuehler* standard, regardless of whether the evidence is wholly circumstantial or whether it is based in whole or in part on direct evidence.[3]

¶ 16 In proposition two, we find that Appellant voluntarily waived his right to be present during trial by failing to appear on the second day of trial, during voir dire proceedings. *Gregg v. State,* 1992 OK CR 82, 844 P.2d 867, 876–77; *Bowie v. State,* 1991 OK CR 78, 816 P.2d 1143, 1147.

¶ 17 In proposition three we find that the sentence does not shock the conscience of

---

3. This holding requires the modification of Uniform Jury Instructions; therefore, OUJI–CR 2d 9–5 (1996) shall be modified by removing the third and fourth sentence. The modified Instruction shall read:

The State relies [in part] for a conviction upon circumstantial evidence. In order to warrant conviction of a crime upon circumstantial evidence, each fact necessary to prove the guilt of the defendant must be established by the evidence beyond a reasonable doubt. All of the facts and circumstances, taken together, must establish to your satisfaction the guilty of the defendant beyond a reasonable doubt.

This instruction should be given in any case where the State relies in whole or in part on circumstantial evidence.

this court, and there is no evidence that the trial court abused its authority in determining punishment. *Rea v. State,* 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149; *Riley v. State,* 1997 OK CR 51, 947 P.2d 530, 535; *Freeman v. State,* 1994 OK CR 37, 876 P.2d 283, 291.

## DECISION

¶ 18 The Judgment and Sentence of the trial court is **AFFIRMED.**

JOHNSON, P.J. and LUMPKIN, J., concur.

CHAPEL and STRUBHAR, JJ., dissent.

CHAPEL, J., Dissenting:

¶ 1 The majority here finally has jettisoned the protection afforded by this Court's long adherence to differing standards of review for direct and circumstantial evidence. Since shortly after statehood, this Court has consistently required that a conviction based on circumstantial evidence alone requires exclusion of every reasonable hypothesis other than guilt.[1] This is more stringent than the standard for direct evidence, which reviews whether, taking the evidence in the light most favorable to the State, any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. The majority suggests this distinction is "antiquated". However, nothing about the basic nature of this evidence has changed. The different standards of review are justified by the essential difference in the nature of each type of evidence.

¶ 2 The majority appears to believe our distinction in standard of review of direct and circumstantial evidence is pointless. The majority emphasizes that juries are properly told to give the same weight to both types of evidence. This does not mean that there is no difference between the two types of evidence. Of course there is. Direct evidence may be an eyewitness account or physical object—is, in fact, anything which "proves the existence of the fact in issue without inference or presumption."[2] Circumstantial evidence consists of a series of facts or occurrences from which one may infer a particular thing has happened. "The distinction to be made is that direct evidence/testimony requires no inference to be made: the particular piece of evidence or testimony is the proof. Circumstantial evidence requires that a reasonable inference be drawn...."[3]

¶ 3 While the two types of evidence are equally probative, one requires a leap in reasoning that the other does not. They are fundamentally different. The majority recognizes this, noting that historically circumstantial evidence was "universally distrusted". There is a reason for this distrust. We have required a different standard of proof for circumstantial evidence precisely because, as the majority again recognizes, it may "point to a wholly incorrect result." Circumstantial evidence presents the very real danger that an innocent defendant will be convicted purely on jurors' wrong impressions or inferences from competing circumstances.[4] This is vitally important because, as commentators have noted, circumstantial evidence is both the most common type of evidence and, often, the most critical evidence in a case.[5] I

1. *Sies v. State,* 6 Okl.Cr. 142, 117 P. 504 (1911).

2. *Mayes v. State,* 1994 OK CR 44, 887 P.2d 1288, 1301, *cert. denied,* 513 U.S. 1194, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995).

3. *Cheatham v. State,* 1995 OK CR 32, 900 P.2d 414, 422.

4. One legal scholar has traced the universal distrust of circumstantial evidence back to the Talmudic prohibition against testimony based on conjecture. Irene Merker Rosenberg, *"Perhaps What You Say Is Based Only On Conjecture"—Circumstantial Evidence, Then and Now,* 31 Hou. L.Rev. 1371 (1995) (Rosenberg). For a discussion on jurors' interpretation of circumstantial evidence to fit particular narrative explanations

of events, see Robert P. Burns, *Some Realism and Idealism About the Trial,* 31 Ga. L.Rev. 715, 762 (1997).

5. L. Timothy Perrin, *From O.J. to McVeigh: The Use of Argument in Opening Statement,* 48 Emory L.J. 107, 130 (1999), and citations at n. 146. For recent examples of Oklahoma criminal cases relying significantly on circumstantial evidence, *see, e.g., Patterson v. State,* 2002 OK CR 18, 45 P.3d 925; *Abshier v. State,* 2001 OK CR 13, 28 P.3d 579, *cert. denied,* 535 U.S. 991, 122 S.Ct. 1548, 152 L.Ed.2d 472 (2002); *Glossip v. State,* 2001 OK CR 21, 29 P.3d 597; *Hooks v. State,* 2001 OK CR 1, 19 P.3d 294, *cert. denied,* 534 U.S. 963, 122 S.Ct. 371, 151 L.Ed.2d 282; *Young v. State,* 2000 OK CR 17, 12 P.3d 20, *cert. denied,*

agree with Justice Boslaugh, of the Nebraska Supreme Court, who noted: "If the inferences to be drawn from particular facts are equally consistent with guilt or innocence, then it should be clear that those facts alone are not sufficient to support a finding of guilt beyond a reasonable doubt." [6]

¶ 4 Judge Furman, writing for this Court in 1912, presented an excellent analysis of the necessity for the reasonable hypothesis standard:

"All evidence is largely circumstantial, and even when most direct it depends upon circumstances for its credibility, weight, and effect.... In cases depending upon circumstantial evidence, witnesses may swear falsely as to the circumstances relied upon; but experience shows that it is impossible to fabricate consistency in the circumstances themselves, where many facts are involved. As the law requires, in cases of circumstantial evidence, that the facts or circumstances proven to be true must not only be consistent with the guilt of the defendant, but must also be inconsistent with his innocence, the impossibility of fabricating consistency in the circum-

stances makes this class of evidence as safe and reliable as human testimony can become." [7]

¶ 5 The majority takes as its starting point *Holland v. United States.* [8] Closer examination of this case does not suggest it either requires or supports a change in Oklahoma law. *Holland* does not announce a constitutional rule and is not binding on this Court. It merely interprets a federal evidentiary rule. Holland parsed the narrow issue of determination of net worth for a tax evasion prosecution, but included the sweeping language cited by the majority. [9] However, the Supreme Court did not simply conclude a reasonable hypothesis instruction was unnecessary. Rather, it explicitly stated that the instruction was not necessary "where the jury is properly instructed on the standards for reasonable doubt." [10] *Holland* did not suggest what a proper instruction on reasonable doubt might be. In other cases, the Supreme Court has indicated that reasonable doubt is "one based on reason which arises from the evidence or lack of evidence," [11] an abiding conviction of guilt and a moral certainty, and not a mere possible doubt. [12] The

---

532 U.S. 1055, 121 S.Ct. 2200, 149 L.Ed.2d 1030 (2001); *Powell v. State,* 2000 OK CR 5, 995 P.2d 510, *cert. denied,* 531 U.S. 935, 121 S.Ct. 321, 148 L.Ed.2d 258; *Dodd v. State,* 2000 OK CR 2, 993 P.2d 778; *Miller v. State,* 1998 OK CR 59, 977 P.2d 1099, *cert. denied,* 528 U.S. 897, 120 S.Ct. 228, 145 L.Ed.2d 192 (1999); *Matthews v. State,* 1998 OK CR 3, 953 P.2d 336; *Slaughter v. State,* 1997 OK CR 78, 950 P.2d 839, *cert. denied,* 525 U.S. 886, 119 S.Ct. 199, 142 L.Ed.2d 163 (1998); *Hooper v. State,* 1997 OK CR 64, 947 P.2d 1090, *cert. denied,* 524 U.S. 943, 118 S.Ct. 2353, 141 L.Ed.2d 722 (1998); *Mollett v. State,* 1997 OK CR 28, 939 P.2d 1, *cert. denied,* 522 U.S. 1079, 118 S.Ct. 859, 139 L.Ed.2d 758 (1998); *Bryan v. State,* 1997 OK CR 15, 935 P.2d 338, *cert. denied,* 522 U.S. 957, 118 S.Ct. 383, 139 L.Ed.2d 299 (1997). In Oklahoma capital cases too numerous to cite, circumstantial evidence has supported aggravating circumstances or been used to prove intent to kill.

6. *State v. Buchanan,* 210 Neb. 20, 312 N.W.2d 684, 690 (1981) (Boslaugh, J., dissenting). Justice Boslaugh also correctly commented that using the unified standard is misleading unless jurors are told that their inference of guilt from circumstantial evidence must be stronger than any inference of innocence.

7. *Ex Parte Jefferies,* 7 Okl.Cr. 544, 124 P. 924, 924, 926 (1912).

8. 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Interestingly, *Holland* protects defendants from unjust prosecution by requiring proof for sufficiency, where net worth is proved by circumstantial evidence, that the Government has investigated leads which support a taxpayer's claims of innocence. 348 U.S. at 135–36, 75 S.Ct. at 135–36.

9. 348 U.S. at 140, 75 S.Ct. at 137. One case on which *Holland* relies rejected a requirement that the jury be instructed to find the evidence "to a moral certainty." *United States v. Austin–Bagley Corp.,* 31 F.2d 229, 234 (2nd Cir.), *cert. denied,* 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002 (1929). That standard was neither at issue in *Holland* nor adopted by Oklahoma courts.

10. 348 U.S. at 139, 75 S.Ct. at 137.

11. *Jackson v. Virginia,* 443 U.S. 307, 317·n. 9, 99 S.Ct. 2781, 2788 n. 9, 61 L.Ed.2d 560 (1970).

12. *Victor v. Nebraska,* 511 U.S. 1, 14–15, 17, 114 S.Ct. 1239, 1247, 1249, 127 L.Ed.2d 583 (1994) (distinguishing *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (*per curiam*)).

Supreme Court has stated that the Constitution does not require trial courts to give any particular instruction on the meaning of reasonable doubt, as long as the instructions taken as a whole correctly convey the concept of reasonable doubt to the jury.[13]

¶ 6 This Court, of course, has consistently refused to allow judges or attorneys to attempt to define reasonable doubt for jurors. I am not suggesting we should require, or allow, an explicit definition of that term. However, in the absence of some definition of reasonable doubt, our jury instructions do not seem to me to be sufficiently precise to ensure that a jury is "properly instructed" for *Holland* purposes. Other courts have addressed this problem. When Texas adopted a unified standard of review, the Texas Court of Criminal Appeals recognized the *Holland* emphasis proper instruction on reasonable doubt, and simultaneously adopted an instruction defining reasonable doubt.[14] The Missouri Supreme Court, adopting a unified standard, commented, "We have honed our reasonable doubt instruction with legal analysis brought on by decades of defendants' attacks coming from every point of the compass. We believe the reasonable doubt instruction fully and accurately instructs the jury on the risk of nonpersuasion."[15]

¶ 7 The majority also cites cases from several other jurisdictions as a basis for its decision.[16] The cases cited for Mississippi and South Dakota each actually reaffirm those states' continued use of the reasonable hypothesis test for circumstantial evidence.[17] Oregon also uses the reasonable hypothesis test.[18] Several states use a unified test for both circumstantial and direct evidence because they require "substantial evidence", and do not further distinguish the two types of evidence.[19] However, in Montana, "substantial evidence" requires that "the facts and circumstances must not only be entirely consistent with the theory of guilt, but must be inconsistent with any other rational (i.e.reasonable) conclusion."[20] Similarly, Connecticut requires proof beyond a reasonable doubt, but notes that circumstantial evidence must exclude any reasonable supposition of innocence.[21] Several states relied on

**13.** *Victor*, 511 U.S. at 5, 114 S.Ct. at 1243. For a fuller discussion of *Holland* and reasonable doubt, see Rosenberg, *supra* n. 4, at 1408–1413.

**14.** *Geesa v. State*, 820 S.W.2d 154 (Tx.Crim.App. 1991). In reaching this decision the Court of Criminal Appeals noted that, in 1983, it had abolished the use of a special instruction on circumstantial evidence after *Holland* and *Jackson v. Virginia*. Without the instruction, the Court reasoned, its practice of conducting a separate appellate analysis of circumstantial evidence served no purpose.

**15.** *State v. Grim*, 854 S.W.2d 403, 408 (Mo.1993). See also *State v. Jackson*, 331 A.2d 361, 365 (Me.1975) (opinion noted reasonable doubt standard was made abundantly clear to jurors); *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995) (emphasizing importance of jury instruction on the State's heavy burden of reasonable doubt).

**16.** Responding to a similar argument, the Missouri Supreme Court, in adopting the unified test, stated, "Of course, we do not decide our cases based upon which rule wins favor in the most states." *State v. Grim*, 854 S.W.2d 403, 406 (Mo.1993).

**17.** *Cox v. State*, 849 So.2d 1257, 1263 (Miss. 2003); *State v. Guthrie*, 627 N.W.2d 401, 421 (S.D.2001).

**18.** *State v. Zauner*, 250 Or. 105, 441 P.2d 85, 87 (1968) (explicitly states reasonable hypothesis test is used in circumstantial evidence cases). *Zauner* is cited in *State v. Carson*, 292 Or. 451, 640 P.2d 586, 591 (1982) for the proposition that test is "whether a reasonable person, based upon all the evidence adduced in the case, would be warranted in finding beyond a reasonable doubt that the defendant committed the offense charged."

**19.** *Hughes v. State*, 513 P.2d 1115, 1117 (Alaska 1973); *State v. Fitzpatrick* 163 Mont. 220, 516 P.2d 605, 609 (1973); *State v. Stephens*, 244 N.C. 380, 93 S.E.2d 431, 433 (1956). North Dakota and Pennsylvania also adopted a unified test, relying on forum precedent regarding the lack of probative difference between the types of evidence. *State v. Emmil* 172 N.W.2d 589, 591 (N.D.1969); *Commonwealth v. Marino*, 142 Pa.Super. 327, 16 A.2d 314, 317 (1940) ("the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt").

**20.** *Fitzpatrick*, 516 P.2d at 609.

**21.** *State v. Medina*, 228 Conn. 281, 636 A.2d 351, 364 (1994); *State v. Smith*, 138 Conn. 196, 82 A.2d 816, 819 (1951) ("proof beyond a reasonable doubt is such proof as precludes every reasonable hypothesis except that which it tends to

*Holland, Jackson v. Virginia,*[22] or a combination of the two in adopting a unified test.[23] Utah, while adopting a unified standard, allows but does not require a jury instruction on the reasonable hypothesis test in circumstantial evidence cases.[24] Even if this Court were to be swayed by the practice of other jurisdictions, this history hardly appears to either justify or require a change in Oklahoma law.

¶ 8 The majority offers no reason to suddenly change course. *Holland* was decided in 1954 and is not new to this Court. We have also known for some time of the federal courts' standard of review, and that of other states.[25] Despite numerous opportunities to adopt a "unified", lesser standard of review, Oklahoma has consistently chosen to impose a higher standard of review, requiring more stringent appellate analysis, in cases based entirely on circumstantial evidence. Neither the nature of the evidence nor the law has changed; only the makeup of this Court is different. It appears that the majority is

once again disregarding years of precedent and unnecessarily changing Oklahoma law in order to impose a particular view of the law.[26] I dissent.

STRUBHAR, J., Dissenting.

¶ 1 I dissent. There is no reason for this Court to adopt a new procedure on the questions presented to us on sufficiency of the evidence. The different standards of review now utilized are indeed justified.

support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion").

**22.** 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1970).

**23.** *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *Williams v. State,* 539 A.2d 164 (Del.1988); *People v. Pintos,* 133 Ill.2d 286, 139 Ill.Dec. 832, 549 N.E.2d 344 (1989); *Commonwealth v. Benham,* 816 S.W.2d 186 (Ky.1991) (restating previous "not clearly unreasonable" standard as "If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty"); *State v. Jackson,* 331 A.2d 361, 365 (Me.1975); *Commonwealth v. Nardone,* 406 Mass. 123, 546 N.E.2d 359 (1989) (noting use of unified standard); *Wiggins v. State,* (Md.1997), *overruled on other grounds Wiggins v. Corcoran,* 288 F.3d 629 (C.A.4th.2002) (affirms previous decisions that adopt the unified standard, but cites the trial court's findings that the facts did not demonstrate a reasonable hypothesis of innocence) [Subsequent cases confirm the use of the unified standard.]; *People v. Konrad,* 449 Mich. 263, 536 N.W.2d 517, 522 n. 6 (1995); *State v. Grim,* 854 S.W.2d 403 (Mo.1993); *State v. Buchanan,* 210 Neb. 20, 312 N.W.2d 684, 689 (1981); *State v. Fiorello,* 36 N.J. 80, 174 A.2d 900, 904 (1961);

*State v. Sutphin,* 107 N.M. 126, 753 P.2d 1314, 1318–19 (1988); *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) [The Ohio State Bar Association, responding to concerns about unfairness in death penalty cases, has recommended that the former standard be restored.]; *State v. Romano,* 456 A.2d 746 (R.I.1983) *citing State v. Roddy,* 401 A.2d 23, 34–35 (R.I.1979) (rejecting reasonable hypothesis instruction based on *Holland* ); *Geesa v. State,* 820 S.W.2d 154 (Tx.Crim.App.1991); *State v. Derouchie,* 140 Vt. 437, 440 A.2d 146 (1981); *State v. Green,* 94 Wash.2d 216, 616 P.2d 628, 632 (1980); *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

**24.** *State v. Sutton,* 707 P.2d 681, 683 (Utah 1985); *State v. Clayton,* 646 P.2d 723, 724 (Utah 1982); *State v. Span,* 819 P.2d 329, 332 (Utah 1991) (circumstantial evidence must be of such quality and quantity as to justify a jury in determining guilt beyond a reasonable doubt).

**25.** *See, e.g., White v. State,* 1995 OK CR 15, 900 P.2d 982, 993–94. The *White* dissent, which closely resembles the majority opinion here, also thoroughly discusses *Holland* and urges this Court to adopt the federal standard.

**26.** *See., e.g., Long v. State,* 2003 OK CR 14, 74 P.3d 105 (overruling precedent to find that duress is not a defense to malice murder).