**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY RAY WILEY,

               Petitioner - Appellant,

v.

MARTY SIRMONS, Warden,

               Respondent - Appellee.

No. 06-6246

(W. D. Oklahoma)

(D.C. No. CIV-05-1231-L)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Anthony Ray Wiley seeks a certificate of appealability (COA) to appeal the district court's denial of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal the denial of habeas relief). He contends that (1) his due-process rights were violated when the Oklahoma Court of Criminal Appeals (OCCA) applied a newly decided case in resolving his appeal, (2) the evidence at his trial was insufficient to support his conviction, (3)

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he is actually innocent, and (4) he received ineffective assistance of appellate counsel. The district court denied his habeas application and request for a COA. We deny a COA and dismiss the appeal.

## I. BACKGROUND

On October 3, 2002, Mr. Wiley was arrested following a high-speed chase in Oklahoma City. During the chase the car driven by Mr. Wiley crashed into an occupied vehicle but continued for several blocks before stopping. After the car stopped, one person exited the passenger side of the car and escaped. Mr. Wiley exited the driver side of the car and ran away, but was apprehended a short distance from the car.

Mr. Wiley was convicted by a jury of aggravated attempting to elude a police officer after former conviction of two or more felonies and of leaving the scene of an accident with personal injury after former conviction of two or more felonies. He was sentenced to two concurrent 25-year terms. The OCCA affirmed his convictions on July 7, 2004.

He then filed an application for state postconviction relief in an Oklahoma state district court. The application was denied on June 22, 2005, and the denial was affirmed by the OCCA on September 16, 2005.

On October 24, 2005, Mr. Wiley filed an application for habeas relief in the United States District Court for the Western District of Oklahoma. In addition to the claims he presses in this court, he also alleged ineffective assistance of trial

counsel. A magistrate judge prepared a report and recommendation that recommended denial of the application. The district court adopted the report and recommendation in its entirety on July 7, 2006.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claims was either "debatable or wrong." *Id.*

If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, in order to grant a COA we

must conclude both that the district court's application of the procedural-default doctrine and the merit of the substantive claims are debatable among jurists.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks, brackets, and citations omitted). Therefore, for those of Mr. Wiley's claims that were adjudicated on the merits in state court, "AEDPA's deferential

treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The magistrate judge's report rejected Mr. Wiley's due-process argument, reasoning that any error by the OCCA in applying *Easlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004) (altering the standard for reviewing sufficiency of the evidence in cases premised entirely on circumstantial evidence), which was decided during the pendency of his appeal, was harmless because the evidence was sufficient even under the pre-*Easlick* standard. It also rejected his sufficiency-of-the-evidence argument because of the substantial evidence of guilt. No reasonable jurist could debate the analysis on either issue.

As to Mr. Wiley's actual-innocence claim, the magistrate judge's report first observed that he did not raise this argument on direct appeal, and thus, under Oklahoma case law, *see Brecheen v. Reynolds*, 41 F.3d 1343, 1349 n.4 (10th Cir. 1994) ("[In Oklahoma] postconviction relief is reserved only for the rare set of circumstances where a particular claim could not have been raised on direct appeal." (internal quotation marks omitted)), he was procedurally barred from raising it in his state or federal postconviction proceedings. It also noted that a claim of actual innocence, absent some independent constitutional violation, is not a ground for federal habeas relief, *see LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001), and that Mr. Wiley had not shown that a fundamental miscarriage of justice would occur if the district court did not consider his claim

of actual innocence, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate . . . that failure to consider the claims will result in a fundamental miscarriage of justice."). Reasonable jurists could not debate the denial of this claim.

Mr. Wiley's final claim is that he received ineffective assistance of appellate counsel because his appellate counsel failed to argue that his trial counsel had rendered ineffective assistance. As the magistrate judge's report correctly observed, the OCCA addressed and rejected this claim in Mr. Wiley's state postconviction proceedings. Therefore, federal habeas review of this issue is limited to whether the OCCA's decision was contrary to or involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d).

To prevail on an ineffective-assistance-of-appellate-counsel claim, Mr. Wiley must show that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. In rejecting this claim the OCCA concluded that Mr. Wiley had not shown that his appellate counsel was unprofessional or that the outcome of his appeal would have been different but for the alleged ineffective assistance. No reasonable

jurist could dispute the district court's denial of this claim on the ground that the OCCA's decision was not an unreasonable application of federal law.

We add only that there is no merit to two of Mr. Wiley's challenges to the analysis in the magistrate judge's report of his claim that his appellate counsel was ineffective in failing to raise an ineffective-trial-counsel argument on his direct appeal. First, the report noted that although Mr. Wiley claimed to have filed a complaint with the Oklahoma Bar Association regarding his trial counsel, he did not provide a copy of the complaint or explain how it was resolved. Accordingly, one could not infer the substance of his claims from these documents. Mr. Wiley correctly states in his brief to us that the record before both the OCCA in postconviction proceedings and the federal district court included copies of two letters from the Oklahoma Bar Association establishing that he did, in fact, file a complaint. But these letters fail to indicate the substance of his ineffective-trial-counsel claim, and therefore do not contradict the report's conclusion that he had failed to demonstrate a reasonable probability that the claim would have led to relief on appeal.

Second, Mr. Wiley disputes the report's conclusion that trial counsel could not have been ineffective for failing to call as a witness the owner of the vehicle he was driving. The report reasoned that because the owner was not in the vehicle at the time of the offense, it is unclear how his testimony could have benefitted Mr. Wiley. Mr. Wiley contends, however, that the report erred in

interpreting his argument, and that he actually "wanted his attorney to question the owner of the car he allegedly crashed into," not the car he was driving. Aplt. Br. at 16.b. His contention contradicts the record. His allegation before the OCCA and in federal district court was that "[t]rial counsel . . . never called to court the owner of the automobile, which would have testified on my behalf, that I was not the person who was driving *his car*." R. Doc. 10-9 at 8 (emphasis added). Mr. Wiley was undeniably referring to the owner of the car he was driving, not the owner of the car he hit. The report's interpretation of this argument was proper. And to the extent that Mr. Wiley now argues for the first time that his trial counsel should have called the owner of the other car as a witness, we note that "this court will not consider issues on appeal that were not raised in the district court." *See McLuckie v. Abbott*, 337 F.3d 1193, 1200 n.3 (10th Cir. 2003).

## III.  CONCLUSION

We DENY Mr. Wiley's application for a COA and DISMISS the appeal. We likewise DENY his motion for leave to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge