FILED
United States Court of Appeals
Tenth Circuit

February 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WAYNE HENRY GARRISON,

     Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden,

     Respondent - Appellee.

No. 11-5124
(D.C. No. 07-CV-542-JHP-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

Petitioner-Appellant Wayne Garrison appeals the denial of habeas relief, see 28

U.S.C. § 2254, from his Oklahoma first-degree murder conviction. We affirm.

**I. BACKGROUND**

A jury convicted Garrison of murdering a thirteen-year-old boy who lived in

Garrison's neighborhood, and sentenced Garrison to death. See Garrison v. State, 103

---

     *After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

P.3d 590, 595 (Okla. Crim. App. 2004). On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Garrison's conviction, but vacated his death sentence. See id. at 620. On remand, the State offered, and Garrison accepted, a life sentence without the possibility of parole. Garrison then initiated this 28 U.S.C. § 2254 proceeding in federal court, seeking habeas relief from his conviction. The district court denied § 2254 relief, and Garrison appeals.[1]

## II. STANDARD OF REVIEW

Garrison, as a state prisoner, will not be entitled to federal habeas relief under § 2254 unless the state courts' adjudication of the merits of his claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Garrison bears the burden of establishing that he is entitled to relief under this standard. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). We review de novo the federal district court's decision to deny Garrison habeas relief. See Hooks v. Workman, 689 F.3d 1148, 1163 (10th Cir. 2012).

---

[1] The district court granted Garrison's motion to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915.

## III. ANALYSIS

This court granted Garrison a certificate of appealability, <u>see</u> 28 U.S.C. § 2253(c), as to the four grounds for relief addressed here.[2] In considering these claims, we liberally construe Garrison's pro se pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

### A. Ten-year delay in prosecuting Garrison

Garrison first argues that Oklahoma's ten-year delay in prosecuting him deprived him of due process. The primary protection against delay in prosecution is a statute of limitations. <u>See</u> <u>United States v. Marion</u>, 404 U.S. 307, 322 (1971.) But in Oklahoma, there is no statute of limitations for murder. <u>See</u> <u>Garrison</u>, 103 P.3d at 598. Although due process "has a limited role to play in protecting against oppressive delay," <u>United States v. Lovasco</u>, 431 U.S. 783, 789 (1977), due process does not require a prosecutor to charge a suspect before or even "as soon as" the Government obtains sufficient evidence to establish probable cause to believe that the suspect committed the crime at issue. <u>Id.</u> at 790-91; <u>see also</u> <u>id.</u> at 790-96. "Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to prove guilt beyond a reasonable doubt." <u>Id.</u> at 795. Therefore, an investigative delay in prosecuting a suspect, as opposed to a delay "'solely to gain a tactical advantage over the suspect . . .

---

[2] In his pleadings filed with this court, Garrison asserts a number of other arguments. But we address here only the four claims for which we granted the certificate of appealability.

does not deprive [the suspect] of due process, even if his defense might have been somewhat prejudiced by the lapse of time.'" Id. at 795-96 (quoting Marion, 404 U.S. at 324).

Applying Marion and Lovasco, the OCCA held that there was no indication in this case that the State's ten-year delay in prosecuting Garrison was the result of an attempt to gain an advantage over him or was otherwise the result of bad faith on the part of the prosecution. See Garrison, 103 P.3d at 598. The OCCA further concluded that, although the delay had some impact on Garrison's defense, that impact was not so significant as to deprive Garrison of due process. See id. at 598-600. The OCCA's application of the due process principles clearly established in Marion and Lovasco was not unreasonable. In light of that, the district court did not err in denying Garrison § 2254 relief on this claim.

## B. Sufficiency of the evidence to support Garrison's conviction

Garrison next contends that there was insufficient evidence to support his conviction. "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Parker v. Matthews, 132 S. Ct. 2148, 2152 (2012) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Applying that standard, the OCCA held there was sufficient evidence to support Garrison's conviction. See Garrison, 103 P.3d at 600-603 (applying Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), which applied Jackson). After reviewing

the state trial record, we cannot conclude that the OCCA's decision "was objectively unreasonable," Parker, 132 S. Ct. at 2152 (internal quotation marks omitted).

Garrison raises a related argument. At the time of the murder and Garrison's subsequent trial, the OCCA applied a stricter evidentiary standard in cases involving only circumstantial evidence. In such cases, the OCCA would consider whether the evidence presented at trial was sufficient to "exclude every reasonable hypothesis other than guilt." Hooks v. State, 19 P.3d 294, 305 (Okla. Crim. App. 2001). While Garrison's direct appeal was pending, however, the OCCA abandoned this "reasonable hypothesis" standard and held it would instead apply the Jackson v. Virginia standard to all claims challenging the sufficiency of the evidence to support a conviction. See Easlick v. State, 90 P.3d 556, 557-59 (Okla. Crim. App. 2004). The OCCA, therefore, applied the Jackson v. Virginia standard in Garrison's case. See Garrison, 103 P.3d at 600-03.

Garrison argues that applying the Jackson v. Virginia standard to his case violated the ex post facto clause in the United States Constitution, depriving him of due process. Although Garrison did not raise this argument in state court, we can deny habeas relief on an unexhausted claim. See 28 U.S.C. § 2254(b)(2). Because the OCCA's change in its standards of review "did not alter the definition of criminal conduct or change the punishment for any offenses," it was not an ex post facto violation, nor did it deny Garrison due process. Bates v. Workman, 311 F. App'x 125, 128-29 (10th Cir. Feb. 9, 2009) (unpublished); see also Sallahdin v. Gibson, 275 F.3d 1211, 1228 (10th Cir. 2002).

5

For these reasons, the district court correctly denied Garrison habeas relief on these two related claims.

## C. Prosecutorial misconduct

Garrison next challenges as improper numerous arguments the prosecutor made to the jury. "[A] prosecutor's improper comments will . . . violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Parker, 132 S. Ct. at 2153 (internal quotation marks omitted; applying Darden v. Wainwright, 477 U.S. 168 (1986), and Donnelly v. De Christoforo, 416 U.S. 637 (1974)). The OCCA, applying this standard, rejected Garrison's arguments. See Garrison, 103 P.3d at 610-12. After reviewing the entire trial record and considering each of the prosecutor's challenged comments, individually and collectively, we cannot say that the OCCA's decision was unreasonable. The district court, thus, did not err in denying Garrison § 2254 relief on this claim challenging the prosecutor's comments.

## D. Ineffective assistance of trial counsel

Lastly, Garrison claims that his trial attorney provided ineffective representation by failing 1) to object to Richard Collins' testimony regarding how one guts a deer; 2) to rebut the State's evidence of Garrison's flight after the murder; and 3) to request a flight instruction. In order to obtain to establish that defense counsel's representation was constitutionally ineffective, Garrison must show both that 1) his attorney's performance was deficient, and that 2) the deficient performance prejudiced Garrison's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Applying this standard, the OCCA

6

denied Garrison's ineffective-assistance claims.  See Garrison, 103 P.3d at 612.  After

reviewing the trial record, we conclude the OCCA's decision was not unreasonable.  In

light of that, the district court did not err in denying Garrison relief on these ineffective-

assistance claims.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision to deny

Garrison § 2254 habeas relief from his Oklahoma first-degree murder conviction.

Garrison's motion for production of undisclosed documents is DENIED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge